Frances Marie Jacobs v. Commissioner. Rex C. Jacobs and Virginia Jacobs v. Commissioner.
Jacobs v. Commissioner
Docket Nos. 87791, 87828.
United States Tax Court
T.C. Memo 1963-81; 1963 Tax Ct. Memo LEXIS 262; 22 T.C.M. (CCH) 341; T.C.M. (RIA) 63081; March 20, 1963
Reymont Paul, Esq., and Elorian Plante, CPA, for the petitioner in Docket No. 87791. J. Bruce Donaldson, Esq., for the petitioners in Docket No. *263 87828. Ralph W. Eisnaugle, Jr. Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of petitioner Frances Marie Jacobs, hereinafter referred to as Frances, for the taxable years 1957 and 1958 in the respective amounts of $3,373.78 and $3,298.56. The only issue to be decided with respect to the deficiencies is whether respondent has erred in including in her taxable income certain amounts paid her in such years by petitioner Rex C. Jacobs, hereinafter referred to as Rex, in pursuance of the provisions of a decree of divorce. Respondent has also determined deficiencies in the income tax of Rex in Docket No. 87828 for the taxable years 1954, 1955, 1956, 1957, and 1958 in the respective amounts of $1,620.59, $12,276.14, $9,070.99, $2,187.41 and $3,708.75 and an addition to tax for 1958 in the amount of $553.26 under section 6654, Internal Revenue Code of 1954. By an amended answer, respondent has claimed an increased deficiency with respect to Docket No. 87828. Other issues raised by the pleadings in Docket No. 87828 have been settled by the parties *264 as set forth in the stipulation filed herein. The issue remaining in the latter case is whether certain payments by Rex to Frances under the provisions of the mentioned divorce decree during the period 1954 through 1958 are deductible by him under section 215 of the 1954 Code. Findings of Fact The facts which have been agreed to are found as stipulated. The petitioners in Docket No. 87828, Rex C. Jacobs and Virginia Jacobs, are married individuals residing at Palm Beach, Florida. They filed joint Federal income tax returns for the taxable years 1954 through 1958, inclusive, with the district director of internal revenue, Detroit, Michigan. The petitioner in Docket No. 87791, Frances Marie Jacobs, is an individual residing at Grosse Pointe, Michigan. She filed her individual Federal income tax returns for the taxable years 1957 and 1958 with the district director of internal revenue, Detroit, Michigan. Rex and Frances had been married for about 30 years prior to their divorce which was effectuated by a decree of the Circuit Court for the County of Wayne, State of Michigan, entered August 4, 1949. The decree provided under a heading "Property Settlement" for the equitable division *265 of the property belonging to the parties held by them both singly and jointly and in addition contained under the same heading the following: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff the sum of Five Hundred ($500.00) Dollars per month, in advance, commencing with the date hereof and continuing until the death of the plaintiff or defendant, whichever shall first occur, said payments to be made to the Friend of the Court. As security for the payment of said sums, the defendant shall assign and deliver to the Friend of the Court all of his right, title and interest in the Prudential Life Insurance Claim Settlement Certificate No. 146,841, and Aetna Life Insurance Company Policy No. N 1130510, and the contract supplemental thereto upon the following conditions: (a) Upon default in the payment of said sum of Five Hundred ($500.00) Dollars the Friend of the Court may collect any and all sums due to defendant under said instruments until such default shall have been cured. (b) Upon the death of Rex C. Jacobs to deliver said certificate and policy and supplemental contract to Frances M. Jacobs. (c) Upon the death of Frances M. Jacobs, during *266 the lifetime of Rex C. Jacobs, to return said Certificate, policy and supplemental contract to Rex C. Jacobs. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be and she hereby is permanently and irrevocably named beneficiary under said Prudential Life Insurance Claim Settlement Certificate No. 146,841, to the extent of Two Hundred Fifty ($250.00) Dollars per month, from and after the death of Rex C. Jacobs, for the remainder of the life of Frances M. Jacobs; and in Aetna Life Insurance Company Policy N 1130510 and the contract supplemental thereto in the amount of Two Hundred Fifty ($250.00) Dollars per month, from and after the death of Rex C. Jacobs, for the remainder of the life of Frances M. Jacobs, and the defendant, Rex C. Jacobs, shall execute such instruments as may be necessary to make the plaintiff irevocably a beneficiary to said extent under said Certificate, policy and supplemental contract and that in default of the execution of such instrument by him, this decree shall operate as such. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the residence of the parties hereto at 123 Moran Road, Grosse Pointe, Michigan, and all the contents thereof shall be *267 and continue the sole and separate property of the plaintiff. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the real estate in Dade County, Florida, now in the name of the parties hereto, together with all contents of the dwelling thereon and the chattels on said property shall henceforth be the sole and separate property of the defendant, and the plaintiff shall execute such conveyance thereof as shall be sufficient to place the title thereto in the defendant, and on default thereof this decree shall operate as such conveyance. Under the heading "Alimony" the decree provides as follows: Alimony IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff, through the Friend of the Court, the sum of Three Hundred ($300.00) Dollars per month, as alimony, until the further order of the court, or until the remarriage of the plaintiff. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay to the office of the Friend of the Court the service fee of Five ($5.00) Dollars forthwith, and a like amount on January 2, each year hereafter, while this decree is operative. Frances owned or had an interest in the following assets as of January 5, 1949: *268 Cash
$ 3,805
U.S. Bonds (jointly held with daugh-
ter)
71,900
800 shares of Macold stock
8,000
1,318 shares of F. L. Jacobs Company
stock
6,590
Moran Road residence
Jewelry
Frances Jacobs II (yacht)
Frances Jacobs Trust which included-
16,384 shares of F. L. Jacobs Com-
pany stock
81,920
2,932 shares of Macoid stock
29,320
Note
31,770
Less: Indebtedness to Rex C.
Jacobs
$15,020 In the main, the assets listed above were derived from Rex. Rex had the following assets, liabilities, and a net worth as of January 25, 1948: Assets
$429,098.00
Liabilities
226,266.76
Net Worth
202,831.37
Prior to the divorce the Wayne County Circuit Court entered an order for the monthly payment of temporary alimony by Rex to Frances. Prior to the entry of this order Frances felt that the maintenance of her station in life required such payment to be in the amount of $2,000. The decree of divorce was entered pro confesso. Its terms with respect to property division and cash payments were the result of extended negotiations by Rex and Frances through their respective attorneys. The division of the property involved did not *269 present great difficulty to the negotiators, but the main focus of their bargaining related to the amount of monthly cash payments to be made by Rex, the security for the payment thereof, and Rex's assurance that to the extent of $500 the monthly payments would not be subject to change. During the negotiation the parties finally agreed, at least tentatively, that the monthly payments would be $500, but Frances insisted that enough additional payment should be made to defray the additional Federal income tax resulting from her reporting such payments as taxable income. No preliminary written property settlement agreement was ever executed by petitioners. Their agreement with respect thereto and with respect to alimony is embodied in the terms of the decree. On the date of entry of the decree, Rule 51 of the Michigan Court Rules provided as follows: Sec. 5. In every decree for divorce wherein provision is made for a property settlement, such provision shall be embodied in a separate and distinct paragraph prefaced by the heading "Property Settlement". And in every decree for divorce wherein a provision is made for alimony or for support of children or both, such provision shall be *270 embodied in a separate and distinct paragraph prefaced by the heading: "Alimony". It was the opinion of Rex's counsel that unless provision for the $500 monthly payment was incorporated into the property settlement provisions of the decree the amount of such payments would remain within the jurisdiction of the divorce court and subject to change subsequent to the entry of its decree. It was for this reason that provision for such payments was incorporated into the property settlement portion thereof. Pursuant to the provisions of the divorce decree, Rex assigned to the Friend of the Court, as security for the payment of the $500 per month provided in the divorce decree under the provision captioned "Property Settlement", all his rights, title, and interest in Prudential Life Insurance Claim Settlement Certificate No. 146841. For all years at issue Rex paid $800 per month to Frances in pursuance of the terms of the divorce decree and in his returns has deducted them as alimony payments taxable to Frances. In her returns for 1953 through 1956 Frances reported the aggregate of these payments as alimony taxable to her. Whether she did so with respect to 1949 through 1952 is not *271 disclosed by the record. She did not report such payments as taxable income for 1957 and 1958. In his notice of deficiency, respondent has added the aggregate of such payments to her taxable income. In his notice of deficiency served upon Rex, respondent has disallowed all such deductions taken for 1954 through 1958 except an amount for each year equal to $300 per month. Ultimate Finding For each of the taxable years 1954 through 1958 Frances received alimony payments from Rex in the amount of $9,600. For each of such years the payments of $9,600 were includable in the taxable income of Frances and deductible by Rex. Opinion Frances' position herein is based nearly entirely on the form of the involved divorce decree. As we read her brief, she argues that because the decree requires the payment by Rex of $500 per month under its property settlement provisions, such payments cannot be alimony, must be installment payments discharging an obligation specified in the decree, and are therefore not "periodic payments" includable in her taxable income under section 71(a)(1) [1] of the 1954 Code. Rex, of course, takes an exactly opposite position. *272 We think it is clear that, regardless of the form of the decree, the entire $800 monthly payments are periodic payments received by Frances in discharge of Rex's legal obligation to support her arising out of his marital relationship to her. The only probative testimony in the record bearing upon the reason why the $500 portion of each payment was incorporated into the property settlement provisions of the decree is that of Rex's divorce counsel who explained that this was done through negotiation with Frances' divorce counsel in order to place that portion of the payment beyond the power of the divorce court to change the amount subsequent to the issuance of its decree. [2] Frances' divorce counsel did not shake this testimony by his own for the gist of his testimony was that his memory of the negotiations was faulty and that he had no present memory of such negotiations. We are impressed too that at least for the period 1952 through 1956 Frances was of the opinion that the entire $800 monthly payments were in the nature of alimony for during that period she reported them as fully taxable income. We think her position here is an afterthought brought about by the advice of the preparer *273 of her returns beginning with 1957. There is no principal sum specified in the decree of which it appears the $500 monthly payments can be said to be an installment as required by section 71(c)(1) [3] in order that a payment escape definition as periodic payments under section 71(a)(1). Frances' property division under the decree apparently was not of such a nature as to provide adequately by income therefrom for her support and maintenance for it is apparent from the report of the Wayne County Friend of the Court that she felt a temporary support payment of $2,000 per month was necessary in order to maintain her station in life. From this it appears that the $800 payments provided in the decree were inadequate in her estimation *274 for that purpose and that in all probability only $300 thereof could not have been viewed by the divorce court as sufficient provision therefor. We are strengthened in our conclusion by the fact that the temporary alimony ordered by the court was in the full amount of $800. Decision herein sustains respondent's determination for 1957 and 1958 in Docket No. 87791 and sustains petitioners for all years at issue in Docket No. 87828. Decisions will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
2. We doubt however that the divorce court, were it faced with this record, would hold the $500 payments to be other than alimony. ↩
3. SEC. 71(c) Principal Sum Paid in Installments. - (1) General Rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.↩